THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: November 26, 2014

G. Michael Halfenger
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In Re:

Steven Matthew Wyrobeck,  Case No. 14-24577-GMH

Debtor.  Chapter 7

Dawn Marie Wyrobeck,

Plaintiff,

v.  Adversary No. 14-02407-GMH

Steven Matthew Wyrobeck,

Defendant.

### DECISION AND ORDER

Dawn Marie Wyrobeck, the debtor's former spouse, claims that certain debts

owed by the debtor are "domestic support obligations", and thus not dischargeable pursuant to 11 U.S.C. §523(a)(5) or, alternatively, are "debts incurred in connection with a divorce", and thus not dischargeable pursuant to 11 U.S.C. §523(a)(15). The debtor contends that the bankruptcy court lacks jurisdiction to decide those claims. For the reasons that follow, I conclude that this court has jurisdiction and the complaint fails to state a claim for which relief can be granted.

I.

Ms. Wyrobeck alleges that the marital settlement agreement that resolved the parties' divorce awarded the parties' residence to the debtor, subject to mortgages and a home equity loan that the parties owe to Associated Bank. The agreement provides that the debtor would be responsible for repaying the bank. It further provides that "[t]he parties understand and agree that their obligations as stated above is a [*sic*] non-dischargeable debt, as to each other under Bankruptcy Code, sec. 523(a)(5); these obligations being an integral part of the final financial support settlement for both parties." CM-ECF, No. 1, 6-7.

Ms. Wyrobeck avers that the debtor failed to pay Associated Bank. Associated Bank sued her to enforce one of the notes, and a state court entered judgment against her. Associated Bank filed an earnings garnishment against Ms. Wyrobeck in June 2014, and it has commenced another action against her, presumably to enforce a separate note signed by the parties.

The complaint pleads as follows:

> Debtor's obligations to pay the deficiency balances [on the notes payable to Associated Bank and secured by mortgages on the debtor's residence], and any harm suffered by Ms. Wyrobeck as a result of his failure to fulfill said obligations, are domestic support obligations owed to Ms. Wyrobeck. These obligations are non-dischargeable claims under 11 U.S.C. [§]523(a)(5). Alternatively, if the debts are not considered a domestic support obligation, they are non-dischargeable under 11 U.S.C. [§]523(a)(15).

CM-ECF No. 9, 3. Based on these allegations, the complaint requests that "the Court

2

deny discharge to these said debts owed to Associated Bank", as well as "reasonable costs, disbursements, and attorney fees". *Id.*

## II.

Section 1334 of Title 28 of the United States Code gives federal district courts jurisdiction of "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. §1334(b). Section 157 of title 28 authorizes the district courts to refer such proceedings to the bankruptcy courts, 28 U.S.C. §157(a), and the district court has exercised §157's reference authority to its full extent, see Eastern District of Wisconsin's July 16, 1984, Order of Reference, available at http://www.wied.uscourts.gov/index.php?option=com_content&task=view&id=15. Therefore, this court has jurisdiction over this adversary proceeding if the proceeding arises under title 11 or if it arises in or is related to a case under title 11.

Ms. Wyrobeck's complaint alleges that 11 U.S.C. §523 entitles her to a declaration that debts owed by the debtor are exempt from the discharge provided for by 11 U.S.C. §524. The right she asserts is one created by the Bankruptcy Code. Thus, this is a civil proceeding that arises under title 11. *In re United States Brass Corp.*, 110 F.3d 1261, 1268-69 (7th Cir. 1997). This court has jurisdiction by operation of 28 U.S.C. §1334(b), §157(a), and the order of reference.

The debtor argues that 28 U.S.C. §1334(c)(2) deprives this court of jurisdiction because adjudicating Ms. Wyrobeck's claim would require interpretation of the divorce judgment. Section §1334(c)(2) provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 **but not arising under title 11** or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. §1334(c)(2) (emphasis added). Attempting to fit Ms. Wyrobeck's claim into §1334(c)(2)'s mandatory abstention provision, the debtor argues, "Interpretation of a

3

divorce judgment is based upon a state law claim which plaintiff is relating to title 11 through this adversary but the divorce judgment itself does not arise out of title 11, and divorce itself could not have been filed in federal court. On this basis the court must abstain and remand the case back to state court." CM-ECF, No. 15, 2.

First, in no event can I "remand the case back to state court." This case was not commenced in a state court and removed to this court. It was commenced by a complaint filed in federal court. If this court lacks jurisdiction over the claims, the case must be dismissed, not remanded to state court.

Second, as explained above, Ms. Wyrobeck's claim arises under title 11—she alleges that the debtor has debts that §523(a)(5) or (15) makes nondischargeable. Her claim does not seek to enforce the divorce judgment: it does not seek a damages award for violating the terms of the divorce judgment or seek injunctive relief to force the debtor to perform his obligations under that judgment. Thus, the claim does not arise under state law.

Instead, the claim is one that arises under federal law, even though the source of the debt that Ms. Wyrobeck alleges is rendered nondischargeable by §523(a)(5) or (15) is a state-law judgment. As the Seventh Circuit explained in *In re McGee*, "Bankruptcy law depends on, and implements, entitlements defined by state law, but which of these entitlements is subject to discharge or a trustee's avoiding power is beyond state control." 353 F.3d 538, 540 (7th Cir. 2003) (internal citations omitted). Ms. Wyrobeck's claim in this adversary proceeding is that an entitlement (obligation) created by the divorce judgment is not subject to discharge. That is a federal-law claim that arises under title 11. See *Strickland v. Shannon (In re Strickland)*, 90 F.3d 444, 446 (11th Cir. 1996) (whether a debt constitutes support under §523(a)(5) is a matter of federal law). Consequently, 28 U.S.C. §1334(c)(2) does not apply.

III.

While this court's jurisdiction is secure, Ms. Wyrobeck's claim is not. Again, Ms.

4

Wyrobeck alleges that §523(a)(5) or (15) makes the debtor's obligations under the divorce judgment not dischargeable. Sections 523(a)(5) and (15) provide that an individual debtor is not discharged

>from any debt— . . .
>
>(5) for a domestic support obligation; . . . [or]
>
>(15) **to a spouse, former spouse, or child of the debtor** and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit[.]

§523(a)(5) & (15) (emphasis added). "The term 'domestic support obligation' means a debt . . . that is—(A) owed to or recoverable by—(i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or (ii) a governmental unit". 11 U.S.C. §101(14A). Thus, only debts owed to or recoverable by particular classes of persons are exempted from discharge by §523(a)(5) and (15).

Ms. Wyrobeck's amended complaint requests "[t]hat the Court deny any discharge to these said debts **owed to Associated Bank**". CM-ECF No. 9, 3 (emphasis added). Ms. Wyrobeck's complaint does not allege that Associated Bank is "a spouse, former spouse, or child of the debtor", the "parent, legal guardian, or responsible relative" for the debtor's child, or "a governmental unit". Nor is it plausible that Associated Bank could fit one of those categories. Thus, it appears that the complaint does not plead a claim under either §523(a)(5) or (15) for which relief can be granted.

## IV.

Accordingly, for these reasons, it is ordered that:

1. This court has jurisdiction over this adversary proceeding;
2. By no later than December 22, 2014, Ms. Wyrobeck must either
    a. show cause why judgment should not entered dismissing this adversary proceeding for failing to plead a claim for which relief can be granted or

5

   b. file and serve a second amended complaint that does state a claim for which relief can be granted.

If Ms. Wyrobeck fails either to show cause why the proceeding should not be dismissed or file a second amended complaint by December 22, 2014, I will enter judgment dismissing her claims on the merits without further notice or opportunity to be heard.

# # # # #